### In re QUAKER DISTRIBUTORS, INC., Debtor.

#### No. 95-10047DAS.
#### Civil Action No. 96-0059.

United States District Court,
E.D. Pennsylvania.

March 6, 1997.

Kenneth S. Goodkind, Philadelphia, PA and John E. Kaskey, Fellheimer, Eichen & Braverman, P.C., Philadelphia, PA, for Quaker Distributors, Inc. and Fellheimer Eichen Braverman & Kaskey ("FEB & K").

Frederic Baker, Philadelphia, PA Pro Se.

### ORDER AND EXPLANATION

ANITA B. BRODY, District Judge.

Appellants Fellheimer, Eichen, Braverman, and Kaskey ("Counsel"), counsel to former debtor Quaker Distributors, Inc. ("Debtor"), appeal the Bankruptcy Court's November 29, 1995, order concerning the allowance and payment of their final application for compensation following the Bankruptcy Court's dismissal of this case.[1] In reviewing the final application for compensation, the Bankruptcy Court permitted compensation in the amount of $31,128.50 and reimbursement of expenses in the amount of $6,243.44, totalling $37,371.94. *In re Quaker Distributors*, 189 B.R. 63, 66 (Bankr.E.D.Pa. 1995). In its final application for compensation, Counsel noted that the balance of the Debtor's pre-petition retainer—$34,821.45—was "available as a credit" against the fees and expenses for which it applied. Application for Final Compensation and Reimbursement of Expenses, Sept. 18, 1995, at ¶ 7 (hereinafter "Application"). In its prayer for relief, Counsel requested to apply the balance of the retainer to the satisfaction of those fees. Appellee Midlantic Bank, N.A. ("Bank") objected to the use of the retainer to pay the fees and requested turnover of the retainer because the Bank asserted that it held a priority security interest under 13 Pa.C.S. § 9306 in those funds.[2] Objection of Midlantic Bank to the Application of Counsel for the Debtor–in–Possession for Allowance of Final Compensation and Reimbursement of Expenses and Request for Turnover of Retainer, Oct. 6, 1995, at ¶¶ 9–11 (hereinaf-

---

1. The Bankruptcy Court issued an Order on July 24, 1995, granting Counsel's Application for Interim Compensation and Reimbursement of Expenses from January 4, 1995, to April 30, 1995, amounting to $53,194.50 in fees and $7,377.27 in expenses. Bankruptcy Court Order, July 24, 1995.

2. In its objection, the Bank also requested disgorgement of the fees paid from the retainer for Counsel's interim relief. Objection at ¶ 11. The Bank ultimately withdrew this request. Tr. Hearing of November 8, 1995, at 2–3.

ter "Objection"). Counsel responded that the Bankruptcy Court had no jurisdiction to decide the issue of which party held a priority interest in the security retainer. Br. Supp. Final Application for Compensation, Nov. 17, 1995, at 4–6. The Bankruptcy Court ruled that the Bank had a priority interest in the funds comprising Counsel's retainer:

> [A]t all pertinent times, [the Bank] retained a prior security interest in the funds held in Counsel's escrow account to support its "security retainer." The security interest which Counsel claims in the funds is therefore subordinate to the security interest of the Bank and precludes Counsel from obtaining payment of its final allowed compensation from this source.

*Quaker Distributors,* 189 B.R. at 72. While Counsel could not utilize the retainer to satisfy the Bankruptcy Court's allowed fees and expenses, the Bankruptcy Court nevertheless held that it did not have jurisdiction under 11 U.S.C. § 542 to turnover the funds from Counsel to the Bank. *Id.* at 67. Thus, a turnover would have to be sought in state court. *Id.* at 66, 72. As a result, the retainer presently sits in escrow awaiting a final determination of this matter.

On appeal, Counsel posits that while the Bankruptcy Court had jurisdiction to determine the allowance of fees, it did not have jurisdiction to determine the relative priority interests of the rights of two non-debtor parties, Counsel and the Bank, in the Debtor's pre-petition retainer held by Counsel once the case was dismissed.[3] I agree. After dismissal of the case, the Bankruptcy Court specifically retains jurisdiction to award "reasonable compensation for actual, necessary services," 11 U.S.C.A. § 330(a)(1)(A), and "reimbursement for actual, necessary expenses." *Id.* § 330(a)(1)(B). There is no retained authority, however, for the Bankruptcy Court to adjudicate the issue of the priority interests of the parties in the

funds comprising the escrowed retainer. *See In re Stardust Inn, Inc.,* 70 B.R. 888, 890 (Bankr.E.D.Pa.1987) (dismissal of bankruptcy case should result in dismissal of all remaining adversary proceedings); *cf. State of New Jersey, Dep't of Envtl. Protection and Energy v. Heldor Indus., Inc.,* 989 F.2d 702 (3d Cir.1993) (Bankruptcy Courts are not entitled to render advisory opinions). Indeed, from the outset, the Bankruptcy Court acknowledged that the Bank would have to pursue its remedies in state court if it expected to recoup any of the escrowed funds at all. *Quaker Distributors,* 189 B.R. at 66. While the Bankruptcy Court granted Counsel time to file a motion pursuant to Section 506(c) of the Code, which would have permitted Counsel to recover the reasonable, necessary costs and expenses of preserving or disposing of money over which another party, the Bank, has a secured claim, the resolution of such matter did not require the Bankruptcy Court to determine the relative priorities of the secured claims of the parties over the escrowed retainer. Because the case had been dismissed, the Bankruptcy Court no longer retained jurisdiction over the matter of which party had a priority interest in the money held in the retainer in the resolution of the bankruptcy matter before it. Rather, the only matter with which the Bankruptcy Court had jurisdiction was the allowance of fees and expenses. The priority interests of the parties in the retainer is a matter that must be left to a state court for determination at this juncture of the Bankruptcy litigation.

**AND NOW,** this 4th day of March, 1997, upon consideration of appellant's Brief in Support of the Appeal of the Bankruptcy Court's November 29, 1995, Order Regarding Allowance and Payment of the Final Application by Counsel for Compensation and the appellee's response, **IT IS ORDERED** that the Bankruptcy Court's November 29, 1995 Order is **AFFIRMED** with respect to the

---

**3.** In the Application, Counsel did not seek the Bankruptcy Court's determination of the relative priority interests of the parties in the pre-petition retainer. Rather, in the Application, Counsel noted that the retainer was available as a credit against any fees and expenses permitted by the Bankruptcy Court. Application at ¶ 7. After the

Bank objected to the use of the retainer to satisfy any fees and expenses allowed, the Bankruptcy Court proceeded to adjudicate the parties' relative priority interests in the retainer. On appeal, and in no way inconsistent with its earlier position, Counsel asserts that the Bankruptcy Court was without jurisdiction to determine this issue.

allowance of fees and expenses. The Bankruptcy Court lacked jurisdiction after the case was dismissed to decide the respective priorities of the non-debtor parties with respect to their security interests in the escrowed retainer. Therefore, the Bankruptcy Court's determination of the relative priorities of Counsel and the Bank in the retainer is stricken.